**UNITED STATES**

v.

**Ismael MORANDA–ROMAN.**

**No. 91 CR 19–1.**

United States District Court,
N.D. Illinois, E.D.

March 4, 1991.

Fred Foreman, U.S. Atty. by John Gallo, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Michael C. Goode, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

The government recently indicted Ismael Moranda–Roman on drug conspiracy charges. After conducting a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), the court concludes that Moran-

da–Roman should be detained without bail pending trial.

The Bail Reform Act provides for detention of any defendant who poses either a risk of flight or a danger to the community. 18 U.S.C. § 3142(e); *see also United States v. Portes*, 786 F.2d 758, 765 (7th Cir.1985). Section 3142(e) of the Act creates a rebuttable presumption that the defendant presents a risk of flight and a danger to the community if "there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e). The serious drug charges leveled against Moranda–Roman trigger the statutory presumption of § 3142(e).

In an attempt to rebut this presumption, Moranda–Roman points out that he has no prior criminal record. Moranda–Roman further indicates that he has lived and worked in Chicago over the course of the past ten years. The court finds that these factors are insufficient to overcome the statutory presumption. Notwithstanding Moranda–Roman's clean criminal record, the type of drug trafficking charged in the indictment poses a serious threat to society. Furthermore, individuals who engage in large-scale narcotics transactions often pose a high risk of flight. *See Portes*, 786 F.2d at 765. Moranda–Roman is an illegal alien, and he has been unemployed for the past year. His only ties to the community are two brothers who live in the Chicago area. In this court's view, these ties are not strong enough to substantially reduce the risk of flight. Considering all the evidence presented at the detention hearing, the court finds that the government has met its burden of proof under the Bail Reform Act.

The release of Moranda–Roman would present an unacceptable risk of flight and danger to the community. Therefore, the court hereby orders that Moranda–Roman be detained while he awaits trial.